UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

PUES FAMILY TRUST IRA,           CASE NO.: 19-MC-80024 DMM
MICHAEL PUES EXECUTOR,
vs.

PARNAS HOLDINGS, INC. AND
LEV PARNAS,

    Debtors.
_____/

## NON-PARTY, GLOBAL ENERGY PRODUCERS, LLC, OBJECTIONS, MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER

Non-Party, GLOBAL ENERGY PRODUCERS, LLC, objects to the production, review, inspection or copying of the items sought by the creditor, PUES FAMILY TRUST IRA, from non-party Global Energy Producers, LLC ("GEP"), and move pursuant to Federal Rules of Civil Procedure 45(d)(2)(B), 45(d)(3)(A)(iii) and 45(d)(3)(B)(i), for a Protective Order on and to Quash the Subpoena to Produce Documents issued pursuant to that certain Judgment Creditor's Notice of Subpoena dated March 4, 2019, directed to Global Energy Producers, LLC (hereafter the "GEP Subpoena"), and, in support states:

### BRIEF INTRODUCTION

This lawsuit involves the attempts to collect on a judgment entered in Federal Court in New York against LEV PARNAS and PARNAS HOLDINGS, INC. for breach of contract.

The subpoenaed entity, Global Energy Producers, LLC, is not a party to the New York action, not a party in the instant case and not a judgment debtor.

The judgment creditor, PUES FAMILY TRUST IRA, seeks a substantial amount of documentation and items from GEP which are not related to its attempt to collect on its

Case 9:19-mc-80024-DMM   Document 10   Entered on FLSD Docket 03/19/2019   Page 2 of 6

Case No.: 19-MC-80024
*Non-Party, Global Energy Producers, LLC,*
*Objections, Motion to Quash and Motion for Protective Order*

judgment. The items also cross the line into GEP's business practices and seek proprietary and confidential information which PUES is not entitled to obtain. The scope of the subpoena it too broad and seeks items which far exceed the allowable scope of production from a non-party. GEP requests that the Court grant uphold its Objections, grant its Motion to Quash the Subpoena and/or enter a Protective Order on the items requested and sought in the Subpoena.

## **DOCUMENTS SOUGHT IN THE GEP SUBPOENA**

The Subpoena to Produce Documents, Information and Objects directed to GEP seeks:

1. All records pertaining to compensation of LEV PARNAS by GEP. This category of documents and items is not objected to.

2. All documents signed by LEV PARNAS on behalf of GEP from April 1, 2018 – the present, including bank deposit agreements, political action committee finance documents, checks, leases and operating agreements. This category of documents is objected to on the basis that it seeks items that (i) have no relevance to locating any assets of PARNAS which might be used to satisfy the judgment and (ii) that contain confidential business and commercial information and records of GEP.

    a.     The bank deposit agreements sought will detail the operation and banking activity of GEP and not of LEV PARNAS individually. The only relevant deposit agreements would be ones which show LEV PARNAS as an account holder; otherwise they should not be disclosed or produced to PUES.

    b.     Political action committee finance documents are also irrelevant to the attempt to collect on the PUES judgment. The judgment is not against GEP and to require GEP to disclose these items and records infringes on its right to freely be involved in the political

2

arena and to make political contributions to candidates, parties or causes without having to disclose to unrelated third parties to whom or for what causes GEP is contributing to; or what the reasons, amounts, basis and goals are for such political actions or contributions. These documents and items should be kept confidential so as not to have a chilling effect on GEP's right to participate in the political process. There has been no showing made that any political action committee finance documents show or would tend to show the payment of funds to LEV PARNAS individually or to PARNAS HOLDINGS, INC. by GEP through some political action committee or the payment by LEV PARNAS or PARNAS HOLDINGS to any political action committee. These items contain confidential commercial information about GEP which have nothing to do with any assets of LEV PARNAS or PARNAS HOLDINGS.

    c.    Any checks, leases or operating agreements of GEP which were signed by LEV PARNAS similarly should not be required to be produced. These items are also confidential commercial records and contain confidential or proprietary business information. Any checks payable to LEV PARNAS from GEP are already sought as a part of Request No. 1, but all other GEP checks should be protected from disclosure to PUES. Leases and operating agreements for GEP are similarly proprietary to GEP and are confidential commercial records - unless the leases and operating agreements bestow some financial rights, compensation, assets or monetary benefits on LEV PARNAS they should protected from discovery as a part of PUES' attempts to collect on its judgment against LEV PARNAS and PARNAS HOLDINGS.

3. List of all officers, managers and employees affiliated with GEP. This category is not objected to.

Case 9:19-mc-80024-DMM   Document 10   Entered on FLSD Docket 03/19/2019   Page 4 of 6

Case No.: 19-MC-80024
*Non-Party, Global Energy Producers, LLC,*
*Objections, Motion to Quash and Motion for Protective Order*

4. Any correspondence made by LEV PARNAS on behalf of GEP from April 1, 2018 until the present. This category is objected to as it seeks <u>all</u> correspondence from PARNAS which he "made" on behalf of GEP. This would include any and all confidential or proprietary letters and documents that involve the operation, financial status, business plans and strategies of GEP. This request is not limited to only correspondence which would reflect payments to PARNAS, debts or amounts due to PARNAS, the transfer of assets to PARNAS from GEP or other, relevant items which would be reasonable related to discovering assets of PARNAS which might be subject to levy or execution to pay the PUES' judgment.

<u>ARGUMENT</u>

7. An Objection to the Subpoena for Production of Documents may be filed in this matter by the person or entity from which the discovery is sought pursuant to Fed. R. Civ. P. 45(d)(2)(B).

8. The Court must quash or modify a (non-party) subpoena if it requires the disclosure of privileged or other protected matters pursuant to Fed. R. Civ. P. 45(d)(3)(A)(iii).

9. The Court may quash or modify a (non-party) subpoena if it requires the disclosure of confidential research or confidential commercial information pursuant to Fed. R. Civ. P. 45(d)(3)(B)(i).

10. When confidential information is sought from a non-party, the Court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party.

11. In the instant case the GEP Subpoena seeks irrelevant, sensitive, private and confidential business and commercial information about Global Energy Producers, LLC as it relates to its

Case 9:19-mc-80024-DMM   Document 10   Entered on FLSD Docket 03/19/2019   Page 5 of 6

Case No.: 19-MC-80024
*Non-Party, Global Energy Producers, LLC,*
*Objections, Motion to Quash and Motion for Protective Order*

protected confidential business operations, political activities and contributions and there has been no showing of a need by PUES which outweighs GEP's privacy rights.

12. Accordingly, Global Energy Producers, LLC contends that it has shown the requisite good cause and legal basis for entry of an Order upholding these Objections, Quashing the Subpoena to GEP and/or granting the Motion for a Protective Order.

WHEREFORE, Non-Party, GLOBAL ENERGY PRODUCERS, LLC, respectfully requests that this Court grant this Motion, uphold its Objections, Quash the Subpoena and/or enter a Protective Order providing that GEP shall not be required to produce any documents, records or other items or information which are objected to and/or claimed to contain confidential information, proprietary information and/or confidential commercial information as set forth above and, shall only produce those items which show or reflect assets of LEV PARNAS or PARNAS HOLDINGS or payments by GEP to LEV PARNAS or PARNAS HOLDINGS.

/s/ Chris Alan Draper
Chris A. Draper, Esq.
Florida Bar No. 0838640
GREENSPOON MARDER LLP
*Counsel for Non-Party, Global Energy Producers, LLC and Defendants, LEV PARNAS and PARNAS HOLDINGS, INC.*
525 Okeechobee Blvd., Suite 900
West Palm Beach, Florida 33401
Direct Telephone: (561) 838-4506
Direct Facsimile: (561) 713-2827
Chris.draper@gmlaw.com
Jane.turner@gmlaw.com

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that I electronically filed the foregoing with the Clerk of the Court and furnished a copy via email to: Tony Andre, Esquire, The Andre Law Firm, P.A.,

Case No.: 19-MC-80024  
*Non-Party, Global Energy Producers, LLC,*  
*Objections, Motion to Quash and Motion for Protective Order*

18851 NE 29th Avenue, Suite 724, Aventura, FL 33180; Ph. 786-708-0813; [andre@andrelaw.com](mailto:andre@andrelaw.com), on this 19th day of March, 2019.  I also certify that I am admitted to the United States District Court for the Southern District of Florida.

/s/  Chris Alan Draper  
Chris A. Draper, Esquire  
Florida Bar No. 0838640