UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 19-MC-80024

PUES FAMILY TRUST IRA, BY MICHAEL PUES,
EXECUTOR OF THE ESTATE,

     Plaintiff,

v.

PARNAS HOLDINGS INC., and LEV PARNAS,
INDIVIDUALLY,

     Defendants,

_____/

**JUDGMENT CREDITOR'S MOTION TO COMMENCE PROCEEDING
SUPPLEMENTARY TO EXECUTION AND IMPLEAD THIRD PARTIES**

Pursuant to Section 56.29, Florida Statutes, Plaintiff/Judgment Creditor PUES FAMILY TRUST IRA, BY MICHAEL PUES EXECUTOR OF THE ESTATE ("Pues"), moves for the entry of an order commencing a proceeding supplementary to execution, along with an order impleading GLOBAL ENERGY PRODUCERS, LLC ("GEP"), AMERICA FIRST ACTION, INC. ("AFA") the NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE ("NRCC"), PETE SESSIONS FOR CONGRESS ("Sessions Campaign") in the action against judgment debtors PARNAS HOLDINGS, INC. ("PHI") and LEV PARNAS ("Parnas") seeking to gain property in the hands of Impleader Defendants which should be subject to execution, and as grounds therefore state:

     1.     On March 28, 2016 judgment creditor  Pues obtained a final judgment against judgment debtors, PHI and Parnas, in the amount of $510,434.70, with interest to accrue at the statutorily prescribed rate.  (hereinafter the "Judgment").  The Judgment, was entered by the

United States District Court for the Eastern District of New York Case No. 11-CV-05537 and registered in this Court.

2.      While certain post-judgment collection activities have occurred, the judgment remains wholly uncollected and unsatisfied.

3.      Judgment creditor caused a writ of execution to be issued and the statutory judgment creditor's affidavit in connection with commencing proceedings supplementary is attached as an exhibit to this motion.

4.      It should be noted that prior to registering the Judgment in this Court, Pues domesticated the judgment in Palm Beach County (FL) state circuit court, Case No. 50-2018-CA-02109-XXXX-MB.  That action was commenced on or about February 19, 2018.

5.      The post-judgment discovery process has lead Pues to several transactions which would be considered transfers subject to attachment under Florida law, more specifically Fla. Stat. § 56.29.  Furthermore, post-judgment discovery has lead Pues to payments by Parnas and his employer GEP which may violate relevant campaign finance laws.  Pursuant to Fla. Stat. § 56.29, Pues seeks to undo these transactions because the payments made by Parnas (or Parnas' behalf) should have been subject to attachment pursuant to the Florida Statutes.

6.      Fla. Stat. § 56.29(6) states in relevant part:

***The court may order any property of the judgment debtor, not exempt from execution, or any property, debt, or other obligation due to the judgment debtor, in the hands of or under the control of any person subject to the Notice to Appear, to be levied upon and applied toward the satisfaction of the judgment debt. The court may enter any orders, judgments, or writs required to carry out the purpose of this section, including those orders necessary or proper to subject property or property rights of any judgment debtor to execution, and including entry of money judgments as provided in ss. 56.16-56.19 against any person to whom a Notice to Appear has been directed and over whom the court obtained personal jurisdiction irrespective of whether such person has retained the property, subject to applicable principles of equity, and in accordance with chapters 76 and 77 and all applicable rules of civil procedure. Sections 56.16-56.20 apply to any order issued under this subsection.*** Fla. Stat. § 56.29(6)

Furthermore, Florida law holds that the statute prescribing the procedure for impleading third-party defendants in supplementary post-judgment proceedings "'should be given a liberal construction so as to afford the judgment creditor the most complete relief possible.'" *Wieczoreck v. H & H Builders, Inc*., 450 So.2d 867, 871 (Fla. 5th DCA 1984) (quoting *Richard v. McNair*, 164 So. 836 (Fla. 1935)).   "Supplementary proceedings are a creature of statute to aid the judgment creditor in discovering assets of debtor which might be appropriated in satisfying his judgment."  *Conrad v. McMechen, 338 So.2d 1306* (Fla. 4th DCA 1976). "Statutes relating to proceedings supplementary to execution are intended to empower the court to follow through with enforcement of its judgment, so that there will be no necessity for an independent suit to reach property which legally should be applied to satisfaction of judgment."  *Florida Guaranteed Securities v. McCallister*, 47 F.2d 762 (1931).  Rule 69(a)(1), Federal Rules of Civil Procedure, provides that "[t]he procedure on execution – and in proceedings supplementary to and in aid of judgment or execution – must accord with the procedure of the state where the court is located . . . ." Fed. R. Civ. P. 69(a)(1).  Florida law provides for proceedings supplementary:

> ***To initiate proceedings supplementary, section 56.29(1) requires that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding. When a judgment creditor holds an unsatisfied judgment and filed a motion and affidavit in compliance with section 56.29(1), the judgment creditor is entitled to these proceedings supplementary to execution.***

Upon a showing of the statutory prerequisites, the court has no discretion to deny the motion. *Longo v. Associated Limousine Services, Inc.*, 236 So. 3d 1115, 1119 (Fla. 4th DCA 2018) (internal quotations and citations omitted).  As of the writing of this motion, the entirety of the Judgment remains outstanding and unpaid, and as stated above, the statutory affidavit is attached.

As such, Judgment Creditor is entitled to initiate this proceeding supplementary and examine the Judgment Debtors as a matter of right.

**_Global Energy Producers, LLC and America First Action, Inc._**

7.      GEP is a limited liability company, in which public records indicate Parnas serves as "Executive." Public records indicate that GEP was incorporated on April 11, 2018.[1] On May 17, 2018, GEP gave $325,000 to AFA which describes itself as "the primary super PAC dedicated to electing federal candidates who support the agenda of the Trump-Pence administration." The address listed on the underlying report entry was 7670 La Cornich[e] Circle, Boca Raton, Florida, which is the residence for Parnas and the principal place of business for GEP.  The available facts do not suggest that GEP conducted any business or had sufficient income from assets, investment earnings, business revenues, or bona fide capital investments to make the $325,000 contribution to AFA at the time the contribution was made. The temporal proximity between GEP's formation and its contribution, viewed in the context of the LLC's overall activities, strongly suggests that it received funds for the specific purpose of making these contributions. GEP was formed on April 11, 2018, then made a $325,000 contribution on May 17, 2018.  The only logical conclusion is that Parnas and perhaps other individuals, put up the $325,000 and funneled it through GEP to make the contribution.  A subpoena in the state court action was served on GEP by Pues on August 14, 2018 and that subpoena requested information regarding the funding of this transaction and any payments made between GEP and Parnas.  GEP failed to respond to the subpoena.  The State Court then issued, an order compelling production from GEP, and that order was also ignored.  Currently a Motion for

---

[1] Global Energy Producers LLC, OPENCORPORATES,
https://opencorporates.com/companies/us_de/6840339 (last visited January 8, 2019). *See also*
https://icis.corp.delaware.gov/Ecorp/EntitySearch/NameSearch.aspx.

Contempt is pending in the state court action.  Currently there is a subpoena issued in this action out to GEP, and GEP has failed to produce document, and has filed a motion for protective order. These facts, in addition to the facts listed above, would seem to indicate GEP is hiding a possible fraudulent transfer from Parnas and worse is a vehicle for a campaign finance violation pursuant to Federal Election Campaign Finance Act 52 U.S.C. § 30122[2].    Furthermore, GEP as a company which Parnas serves as "executive" likely either pays a salary to Parnas or has property of Parnas which is subject to execution (such as a large sum of money of Parnas' paid to an American political action committee to bypass laws regarding individual campaign donations.  It should be noted that the link between GEP and Parnas is well publicized and openly notorious. In earlier pleadings filed by Pues (See D.E. 12 and D.E. 13), several well publicized articles outlining this troubling relationship with GEP and the allegations of campaign finance fraud are thoroughly explained (and incorporated herein).   Based on the open defiance by GEP and Parnas to state court orders, Plaintiff feels this federal court in a proceeding supplementary is best suited to make Pues, as judgment creditor, whole.   As such, this Court is well within its powers to implead GEP under Fla. Stat. 56.29 and have any property or information in its possession surrendered.

***National Republican Congressional Committee***

8.     According to the Complaint filed by Campaign Legal cited above and records of the FEC and NRCC, Lev Parnas contributed $500 to the NRCC during the 2018 election cycle. As Plaintiff's judgment lien was duly entered and perfected according to Florida State law, this is money which ought to have been paid over to Pues in satisfaction of the Judgment and qualifies

---

[2] It should be noted that the Campaign Legal Center has filed a complaint with the Federal Election Commission alleging violations of FECA.  *See* https://campaignlegal.org/document/straw-donor-complaint-fec-global-energy-producers-llc (last visited January 8, 2019).  It should also be noted that several of the allegations made in this Motion come from information obtained by the Campaign Legal Center and the records of the Federal Election Commission.

as a fraudulent transfer under Florida law. As such, this Court should implead the NRCC for the turnover of this contribution.

***Sessions Campaign***

9.      According to the Complaint filed by Campaign Legal cited above and records of FEC, Lev Parnas contributed $2700 to the Sessions Campaign.  Pete Sessions is a former congressman from Dallas Texas who lost his re-election bid on November 6, 2018.   As Plaintiff's judgment lien was duly entered and perfected according to Florida State law, this is money which ought to have been paid over to Pues in satisfaction of the Judgment.  As such, this Court should implead the Sessions campaign for the turnover of this Contribution.

10.      It should be noted that the United States Court of Appeals for the Fifth Circuit held in *Janvy v. Democratic Senatorial Campaign Committee Inc.*, et. al. 712 F.3d 185 (N.D. Tex 2013)  that contributions to a political action committee made to defraud creditors was a fraudulent transfer.   In *Janvy*, the Court upheld a decision denying summary judgment on behalf of the political action committee because it did not give reasonably equivalent value for the contributions (which were fraudulent transfers from Ponzi schemers). The Texas Fraudulent transfer law is nearly identical to that of Florida, which adopts the Uniform Fraudulent Transfers Act.  As such, GEP, AFA, Sessions Campaign and NRCC should all be impleaded under this action.

***Fraudulent Transfer Law in Florida***

11.      The above referenced transactions constitute fraudulent transfers under Florida law.  Fla. Stat. 726.105 and 726.106 governs fraudulent conveyances and states in relevant part:

**(1)** A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

**(a)** With actual intent to hinder, delay, or defraud any creditor of the debtor; or

**(b)** Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> **1.** Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or

> **2.** Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

**(2)** In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether:

**(a)** The transfer or obligation was to an insider.

**(b)** The debtor retained possession or control of the property transferred after the transfer.

**(c)** The transfer or obligation was disclosed or concealed.

**(d)** Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.

**(e)** The transfer was of substantially all the debtor's assets.

**(f)** The debtor absconded.

**(g)** The debtor removed or concealed assets.

**(h)** The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.

**(i)** The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.

**(j)** The transfer occurred shortly before or shortly after a substantial debt was incurred.

**(k)** The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

While it is fairly clear that Parnas made the contributions listed above with the intent to contribute money to political causes he supports past the allowable campaign limit through the sham company GEP, he deliberately intended to defraud creditors such as Pues. He should have paid these monies directly to Pues in satisfaction of the substantial judgment rendered. That being said, even if actual intent is not determined by this Court. A case for constructive intent can be made based on the factors indicated in the statute. It is clear that Parnas was insolvent at the time of the transfer, or made insolvent shortly thereafter as a result of the transfer as contemplated by Fla. Stat. 726(a)(2)(i). Fla. Stat. 726.103, defines "insolvency" for the purposes of fraudulent transfer and states in relevant part:

> *(1) A debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation.*
> *(2) A debtor who is generally not paying his or her debts as they become due is presumed to be insolvent.*

The fact Parnas owes over $510,000 to Pues and has not paid it would be prima facie evidence of insolvency. Furthermore Parnas has had eviction proceedings against him and has failed to pay his debt to pues and other well documented debts as they have become due. By virtue of making

the contributions listed above during his insolvency he has made fraudulent conveyances pursuant to Fla. Stat. 726(a)(2)(i).

12.    In addition to unwinding the above-referenced fraudulent transfers cited above, it is also imperative that Parnas be brought to court and testify as to his assets and the transactions listed above under oath.  Fla. Stat. 56.30 makes it compulsory that the Judgment Debtor appears at a time and place specified by Court for his examination.  In the state court action in which a subpoena for Parnas' deposition in aid was served in July 2018, he has refused to provided documents or appear for deposition.  Fla. Stat. 56.30 states "Testimony [of the debtor] shall be under oath, shall be comprehensive, and cover all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location. Any testimony tending directly or indirectly to aid in satisfying the execution is admissible."

13.    Judgment creditor has incurred and is obligated to pay undersigned counsel a reasonable attorney's fee for which the judgment debtor is liable in accordance with sections 56.29(8).

**WHEREFORE,** judgment creditor, Pues respectfully requests that the court:

a.    Implead Impleader Defendants GEP, AFA, NRCC, and Sessions Campaign to a proceeding supplementary to execution;

b.    Direct the Impleader Defendant Parnas to appear before the court and be examined concerning the alleged transaction and as to his assets under oath as contemplated by Fla. Stat. 56.30

c.    Afford the judgment creditor such other and further relief as the court deems just and proper.

CASE NO.  19-MC-80024
Page 10 of 10

Dated: April  15, 2019                              ANDRE LAW FIRM P.A.
                                                    Counsel for judgment creditor
                                                    18851 N.E. 29th Ave Suite 724
                                                    Aventura, FL 33180
                                                    Tel. 786 708 0813
                                                    Fax. 786 513 8408
                                                    Designated email: andre@andrelaw.com

                                                    By:_____/s/ Tony Andre_____
                                                          Tony Andre, Esq.
                                                          Florida Bar No. 40587

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on April 15, 2019 I filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner delineated, either via transmission of a Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive the Notice of Electronic Filing electronically.

Chris Draper, Esq.
Greenspoon Marder
525 Okeechobee boulevard Suite 900
West Palm Beach FL 33401
 Attorneys for Judgment Debtors/Global Energy Producers, LLC


_____/s/ Tony Andre_____
Tony Andre, Esq.

CASE NO. 19-MC-80024

## <u>JUDGMENT CREDITOR'S AFFIDAVIT IN SUPPORT OF<br>PROCEEDING SUPPLEMENTARY</u>

STATE OF NEW   Jersey                )
                                       : ss.
COUNTY OF __Middlesex__               )

Before me, the undersigned authority, personally appeared Michael Pues, who upon being first duly sworn, deposes and says that:

1.      I am Executor of the Pues Family Trust IRA, the judgment creditor in the above-styled action.  I am furnishing this affidavit pursuant to Section 56.29(1), Florida Statutes.

2.      A final judgment in the amount of $510,434.70, was entered against the Judgment Debtors as described in judgment creditor's motion to commence proceedings supplementary in aid of execution.  The Issuing court was the United States District Court for the Eastern District of New York, and that judgment was registered in this district pursuant to applicable law.

3.      A writ of execution has been issued and judgment creditor filed a judgment lien certificate according to applicable Florida Statutes.  The judgment remains wholly unsatisfied and is valid and outstanding.

4.      Judgment creditor is entitled to proceedings supplementary to execution as records obtained by judgment creditor (and assertions made by Defendant) show that Judgment Debtor transferred property which was subject to execution to his spouse in attempt to defraud creditors.  The motion clearly details this.  The facts described in detail in judgment creditor's motion to commence proceedings supplementary and implead third parties explain sufficiently why the stated requested relief is appropriate and judgment creditor incorporates the facts contained within the motion by reference in this affidavit.

CASE NO.  19-MC-80024

_____

**MICHAEL PUES, Executor**
**PUES FAMILY TRUST, IRA**

Sworn to and subscribed before me on April _11_, 2019, by Michael Pues, who is personally known to me.

_____
Signature of person taking acknowledgment

_Vatsal Patel_
_____
Name of acknowledger typed, printed or stamped

Notary Public _New Jersey_
_____
Title or rank



VATSAL PATEL
NOTARY PUBLIC
NEW JERSEY
MY COMMISSION EXPIRES: JULY 21, 2020