AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | |
|---|---|
| Pues Family Trust IRA, Michael Pues Executor | ) |
| *Plaintiff* | ) |
| v. | ) |
| Parnas Holdings, Inc., and Lev Parnas | ) |
| *Defendant* | ) |

Civil Action No. **19-80024-DMM**

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:
America First Action, Inc. By and through its Records Custodian
by service of its R/A Cogency Global, Inc.
250 Browns Hill Court, Midlothian VA 23114

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

      See attached Exhibit A

| Place: Andre Law Firm P.A.<br>18851 N.E. 29th Ave Suite 724<br>Aventura, FL 33180 | Date and Time:<br>July 24, 2019 at 9:00 am |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | /s/ Tony Andre |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
Pues Family Trust IRA, Michael Pues Executor _____, who issues or requests this subpoena, are:

  Tony Andre, Esq., 18851 N.E. 29th Ave Suite 724 Aventura, FL 33180; 7867080813; info@andrelaw.com

## Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 19-80024-DMM

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____                    _____
                                                          *Server's signature*

                                                          _____
                                                          *Printed name and title*

                                                          _____
                                                          *Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) *For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) *For Other Discovery.*** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit  A

## **Definitions**

As used in this request, the following words shall be defined as follows:

1)      "Document" includes, but is not limited to, originals where available, or otherwise a carbon copy, Xerox copy or other copy, including each non-identical copy (whether different from the original because of marginal notes, or other material inserted or attached thereto, or otherwise) of each item of correspondence, letters, memoranda, messages, telephone bills, notes, offers, orders, confirmations, contracts, agreements, reports, punch sheets, punch lists, agendas, cables, telegrams, diaries, appointment books, invoices, ledgers, returns, accounts, checks, check stubs, drafts, statements, indexes, data sheets, data processing cards, logs, worksheets, service orders, expense vouchers, maintenance records, inspection reports, licenses, permits, settlement paperwork, printing, pictures, advertisements, slides, film, microfilm, micro fiche and other written matter of every kind and character; notes, memoranda, transcripts, recording tapes, recording disks or other records of oral communications; and graphs, books, charts, tables, prospectuses, tabulations, worksheets, compilations, summaries, minutes, lists, pamphlets, brochures, drawings, renderings, diagrams, sketches, etchings, tracings, plans, blueprints, posters, periodicals, publications, bulletins, computer printouts, studies, electronic mail, information contained in electronic or computer storage media and other papers in the possession, custody or control of America First Action, Inc. ("Deponent") or its officers, directors, agents, employees, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, attorneys or representatives, including documents which were prepared by Deponent's officers, directors, agents, employees, affiliates,

subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, attorneys or representatives, which did not leave the custody of the person preparing them.

2)     "You" or "Your" refers to Deponent, its officers, directors, agents, attorneys, affiliates, subsidiaries, divisions, partners, parents, predecessors, successors, joint venturers, employees, representatives and any and all other persons acting for, purporting to act for, or subject to the control of Deponent, or its subsidiaries, parents, predecessors or successors.

3)     "And" or "Or" shall include the conjunctive as well as the disjunctive.

4)     "Communications" include correspondence, discussions, telephone conversations and all other forms of written or oral communication.

5)     "Judgment debtor" refers to any of the following:

a)     Parnas Holdings, Inc.,  FEIN: 27-3907290; and/or

b)     Lev Parnas, an individual, last known address: 7670 La Corniche Circle Boca Raton, FL 33433.

## Schedule of Documents to be Produced

Any and all documents in your possession, custody or control that relate or reflect or refer to:

1.     The wire transfer/contribution from Aaron Investments I, LLC and You, which purports to transfer $325,000.00 from Aaron Investments I, LLC to You on May 17, 2018 (See redacted wire transfer information attached as Exhibit 1).

2.     Any and all documentation, including correspondence, related to the attached wire that explains why You reported to the federal authorities the source of the funds wired were from third party Global Energy Producers, LLC (See attached Exhibit 2) and not Aaron Investments I, LLC the apparent source of the funds.

3.     Correspondence between You and Judgment Debtor or his agents, or correspondence concerning Judgment Debtor or his agents related to business dealings with You, including but not limited to the subject $325,000.00 contribution evidenced here.

## Wires Outgoing



2753 SENT        ORIGINATOR        2526)    BENEFICIARY            CHAIN BRIDGE
BANK, NA 05/17/18 02:39PM        AARON INVESTMENTS I, LLC        AMERICA FIRST ACTION, INC.
ABA 056009479 SET UP 05/17/18        21842 CYPRESS PALM CT        138 CONANT ST 2ND FLOOR
01:47PM        BOCA RATON FL 33428            BEVERLY MA 01915            VA
$325,000.00        9856            PHONE  914-774-6856            009145314382
B&P  CHECKING        ACCT#        1396        SET UP BY P2349961 WATSON,MONET
APPROVED BY  P5037890 PERSAUD,NATERAM        P3028366 PALAJ,ARISTI        $0.00
FEE        GLOBAL ENERGY PRODUCERS LLC 20180517B1Q8021C027774 FED #
G0181373420401 GLOBAL ID

## SCHEDULE A (FEC Form 3X)
## ITEMIZED RECEIPTS

| | Use separate schedule(s) for each category of the Detailed Summary Page | FOR LINE NUMBER: (check only one) | PAGE 15 OF 100 |
|---|---|---|---|

FOR LINE NUMBER: (check only one) — PAGE 15 OF 100

☒ 11a ☐ 11b ☐ 11c ☐ 12
☐ 13 ☐ 14 ☐ 15 ☐ 16 ☐ 17

Any information copied from such Reports and Statements may not be sold or used by any person for the purpose of soliciting contributions or for commercial purposes, other than using the name and address of any political committee to solicit contributions from such committee.

NAME OF COMMITTEE (In Full)
> ### AMERICA FIRST ACTION, INC.

---

**A.** Full Name of Individual (Last, First, Middle Initial) or Full Organization Name
GLOBAL ENERGY PRODUCERS, LLC

Mailing Address  7670 LA CORNICH CIRCLE

| City BOCA RATON | State FL | Zip Code 33433 |
|---|---|---|

FEC ID number of contributing federal political committee.  C

Name of Employer (for Individual) | Occupation (for Individual)

Receipt For:
☐ Primary  ☐ General
☐ Other (specify) ▼

Aggregate Year-to-Date ▼
325000.00

Date of Receipt
M M / D D / Y Y Y Y
05 / 17 / 2018

Transaction ID : SA11AI.21241

Amount of Each Receipt this Period
325000.00

☐ Memo Item

---

**B** ████████████████████ ame

████████████████████

FEC ID number of contributing federal political committee.  C

████████████████ | Occupation (for Individual) DIRECTOR

Receipt For:
☐ Primary  ☐ General
☐ Other (specify) ▼

Aggregate Year-to-Date ▼
100000.00

Date of Receipt
M M / D D / Y Y Y Y
06 / 22 / 2018

Transaction ID : SA11AI.23666

Amount of Each Receipt this Period
100000.00

☐ Memo Item

---

**C.** ████████████████████ me

████████████████████

FEC ID number of contributing federal political committee.  C

████████████ | Occupation (for Individual) ATTORNEY

☐ Primary  ☐ General
☐ Other (specify)

Aggregate Year-to-Date ▼
50000.00

Date of Receipt
M M / D D / Y Y Y Y
06 / 22 / 2018

Transaction ID : SA11AI.23662

Amount of Each Receipt this Period
50000.00

☐ Memo Item

---

**SUBTOTAL** of Receipts This Page (optional).................................................. ▶   475000.00

**TOTAL** This Period (last page this line number only)............................... ▶