UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 19-MC-80024

PUES FAMILY TRUST IRA, BY MICHAEL PUES,
EXECUTOR OF THE ESTATE,

    Plaintiff,

v.

PARNAS HOLDINGS INC., and LEV PARNAS,
INDIVIDUALLY,

    Defendants,
_____/

## SUPPLEMENTAL COMPLAINT PURSUANT TO FLA. STAT. 56.29

Plaintiff PUES FAMILY TRUST IRA, BY MICHAEL PUES EXECUTOR OF THE ESTATE sues defendants GLOBAL ENERGY PRODUCERS, LLC; AMERICA FIRST ACTION, INC., AARON INVESTMENTS, I, LLC, LSDAMA, LLC, NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE, and PETE SESSIONS FOR CONGRESS, and alleges:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff PUES FAMILY TRUST IRA, BY MICHAEL PUES EXECUTOR OF THE ESTATE ("Pues") is family trust, organized under the laws of the state of New York. Pues is the judgment creditor and holder of a final judgment in the amount of $510,434.70 against the above-styled defendants which was awarded on March 28, 2016 by United States District Court for the Eastern District of New York Case No. 11-CV-05537 and duly registered in this Court.

2. Defendant GLOBAL ENERGEY PRODUCERS, LLC ("GEP") a Delaware limited liability company which may also have its principal place of business in Palm Beach

County, Florida. It is alleged that GEP is simply an alter ego for defendant and judgment debtor LEV PARNAS to facilitate fraudulent transfers described in more detail in this Supplemental Complaint.

3. Defendant AMERICA FIRST ACTION, INC. ("AFA") a political action committee organized under the laws of Virginia. AFA is the recipient of a fraudulent transfer of $325,000.00 which originated from judgment debtor LEV PARNAS' personal bank account through his alter ego limited liability AARON INVESTMENTS I, LLC.

4. Defendant AARON INVESTMENTS I, LLC ("Aaron Investments") is a limited liability company organized under the laws of Florida. AARON INVESTMENTS I, LLC is the alter ego of LEV PARNAS and exists only for the purpose of defrauding judgment creditors such as Pues. Aaron Investments has received several hundred thousand dollars of funds which ought to have been used to satisfy the judgment at issue of this case, and helped facilitate a $325,000.00 fraudulent transfer to AFA.

5. Defendant LSDAMA, LLC ("LSDAMA") is a limited liability company organized under the laws of Florida. LSDAMA is the alter ego of LEV PARNAS and exists only for the purpose of defrauding judgment creditors such as Pues. LSDAMA has received several hundred thousand dollars of funds which ought to have been used to satisfy the judgment at issue of this case

6. Defendant NATIONAL REPUBLICAN CONGRESSIONAL COMMITTEE ("NRCC") is political action committee with its principal place of busiess in Washington, D.C. The NRCC is the recipient of a fraudulent transfer from LEV PARNAS.

7. Defendant PETE SESSIONS FOR CONGRESS ("Sessions Campaign"), was a political campaign by former United States Congressman Pete Sessions, with its principal place

of business in Waco, Texas. The Sessions campaign is the recipient of a fraudulent transfer from LEVL PARNAS.

8. Jurisdiction is proper in this court pursuant to 28 U.S.C. Sec. 1332, as to complete diversity of the parties, and the amount in controversy exceeds more than $75,000.00.

## FACTS COMMON TO ALL COUNTS

9. On March 28, 2016 judgment creditor Pues obtained a final judgment against judgment debtors, PARNAS HOLDINGS, INC ("PHI") and Parnas, in the amount of $510,434.70, with interest to accrue at the statutorily prescribed rate. (hereinafter the "Judgment"). The Judgment was entered by the United States District Court for the Eastern District of New York Case No. 11-CV-05537 and registered in this Court. A true and correct copy of the Judgment is attached as Exhibit A.

10. The post-judgment discovery process has led Pues to several transactions which would be considered transfers subject to attachment under Florida law, more specifically Fla. Stat. § 56.29. Furthermore, post-judgment discovery has led Pues to payments by Parnas and his entities GEP, LSDAMA, and Aaron Investments which may violate relevant campaign finance laws and amount to fraudulent transfers. Most notably a $325,000.00 fraudulent transfer made May 17, 2018 from Aaron Investments (the alter ego of LEV PARNAS).

11. The complete factual details are described with particularity in Pues Amended Motion to Commence Proceeding Supplementary (D.E. 25) and are incorporated herein by reference.

## COUNT I – FRAUDULENT TRANSFER – FLA. STAT. § 726.105(1)(A)

12. Pues re-alleges and fully incorporate by reference paragraphs 1 through 11 as though fully set forth herein.

3

13. The Transfer was made with the actual intent to hinder, delay or defraud a creditor of LEV PARNAS.

**WHEREFORE**, Pues respectfully requests that this Court enter judgment in favor of Pues and against Impleaded Defendants GEP, AFA, Aaron Investments, LSDAMA, NRCC, and Sessions Campaign (i) setting aside the respective Fraudulent Transfers; (ii) issuing an injunction prohibiting Impleaded Defendants from alienating the fraudulently transferred funds; (iii) imposing a constructive trust on the related proceeds; (iv) attaching the related proceeds; and (v) affording such other and further relief as the Court deems just and proper.

### COUNT II – FRAUDULENT TRANSFER – FLA. STAT. § 726.106(1)

14. Pues re-alleges and fully incorporate by reference paragraphs 1 through 11 as though fully set forth herein.

15. The Transfer was made without LEV PARNAS receiving reasonably equivalent value.

16. LEV PARNAS was insolvent at the time of the Fraudulent Transfer, because and without limitation, the unsatisfied judgment is prima facie evidence that LEV PARNAS was not paying his debts as they became due; or LEV PARNAS became insolvent as a result of the Fraudulent Transfer.

**WHEREFORE**, Pues respectfully requests that this Court enter judgment in favor of Pues and against Impleaded Defendants (i) setting aside the respective Fraudulent Transfers; (ii) issuing an injunction prohibiting Impleaded Defendants from alienating the fraudulently transferred funds; (iii) imposing a constructive trust on the related proceeds; (iv) attaching the related proceeds; and (v) affording such other and further relief as the Court deems just and proper.

DATED: July 15, 2019   Respectfully submitted,

        ANDRE LAW FIRM P.A.
Counsel for Plaintiff
18851 N.E. 29th Ave Suite 724
Aventura, FL 33180
Telephone: 786 708 0813
Facsimile: 786 513 8408

By:   /s/ Tony Andre
Tony Andre, Esq.
Florida Bar No. 40587

## CERTIFICATE OF SERVICE

I certify that on July 15, 2019 I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner delineated, either via transmission of a Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive the Notice of Electronic Filing electronically.

Chris Draper, Esq.
Greenspoon Marder
525 Okeechobee boulevard Suite 900
West Palm Beach FL 33401
 Attorneys for Judgment Debtors/Global Energy Producers, LLC

        /s/ Tony Andre
Tony Andre, Esq.