UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

Case No. 19-MC-80024

PUES FAMILY TRUST IRA, BY MICHAEL PUES,
EXECUTOR OF THE ESTATE,

    Plaintiff,

v.

PARNAS HOLDINGS INC., and LEV PARNAS,
INDIVIDUALLY,

    Defendants,
_____/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION
FROM NON-PARTY AMERICA'S FIRST ACTION, INC.**

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Plaintiff PUES FAMILY TRUST IRA, BY MICHAEL PUES EXECUTOR OF THE ESTATE ("Pues") moves to compel Non-Party America's First Action, Inc. ("AFA"), to produce documents in accordance with the Subpoena issued to AFA and duly served June 20, 2019, and as grounds states:

## I.    INTRODUCTION

On March 28, 2016 judgment creditor Pues obtained a final judgment against judgment debtors, PARNAS HOLDINGS, INC. ("PHI"), and LEV PARNAS ("Parnas"), in the amount of $510,434.70, with interest to accrue at the statutorily prescribed rate. (hereinafter the "Judgment"). The Judgment was entered by the United States District Court for the Eastern District of New York Case No. 11-CV-05537 and registered in this Court.

Post Judgment discovery has been active and ongoing, and Pues served several subpoenas in aid of execution to various financial institutions in which Parnas had financial ties. It was discovered through these subpoenas, that a fraudulent conveyance of $325,000.00 from an account owned and controlled by defendant Parnas, was made to AFA. The $325,000.00 was disclosed to the Federal Election Commission as a transfer from a Parnas-held limited liability company, but records obtained by Pues show that this was clearly fabricated by Defendants and possibly AFA in violation of campaign finance laws and to defraud Pues.[1]

In order to obtain more information about this fraudulent conveyance, Pues after noticing Defendants in accordance with the applicable rules (and no objection by Defendants being made), served a Subpoena for Production of Documents on AFA on June 20, 2019 (hereinafter the "AFA Subpoena" attached as **Exhibit 1**). The AFA Subpoenas requests relevant information regarding the $325,000.00 transfer from Parnas to AFA. AFA was to produce the documents by July 24, 2019. In accordance with Fed. R. Civ. P. 45(d)(2)(A), AFA had 14 days from June 20, 2019 to make any objections. AFA failed to timely make objections, and instead of producing documents, on July 24, 2019, AFA served untimely objections all of which are general and boilerplate. On August 21, 2019 the undersigned counsel contacted counsel for AFA informing AFA's counsel that the objections posited were untimely and asked AFA's counsel if documents would be produced. AFA's counsel vaguely stated that it might produce some documents in "about a week." On August 23, 2019 AFA's counsel contacted the undersigned and said that AFA would need to produce under a protective order, which was relief not sought in its bad faith objections nor have even the Defendants moved for such relief. As such, Plaintiff is forced to file this motion.

---

[1] The underlying transaction is explained in greater detail in Plaintiff's Amended Motion to Commence Proceedings Supplementary and Implead Third Parties (D.E. 25).

## II. STANDARD

"A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At Any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i).

### AFA'S OBJECTIONS ARE UNTIMELY THEREFORE AFA HAS WAIVED ANY OBJECTIONS TO THE AFA SUBPOENA

AFA's objections, served on Plaintiff July 24, 2019[2], thirty-four days after service of the AFA Subpoena, are untimely therefore they are waived. "Failure to serve written objections to subpoena within time frame specified in FRCP 45(c)(2)(B) typically constitutes waiver of such objections." *Alexander v. FBI*, 186 F.R.D. 21 (D.D.C. 1998). "Ordinarily, failure to make timely objection to subpoena duces tecum will waive any objection." *In re Motorsports Merchandise Antitrust Litig.*, 186 F.R.D. 344, 1999-2 Trade Cas. (CCH) P72659 (W.D. Va. 1999). "Failure to serve written objection to a subpoena within the time specified by Fed. R. Civ. P. 45 typically waives any objections the party may have." *Am. Elec. Power Co., Inc. v. U.S.*, 191 F.R.D. 132, 136 (SD. Ohio 1999) (citing *Concord Boat Corp. v. Brunswick Corp.,* 169 F.R.D. 44. [**28] 48 (S.D.N.Y. 1996); *Angell v. Shawmut Bank Connecticut Nat'l Assoc.,* 153 F.R.D. 585, 590 (M.D.N.C.1994).

AFA's objections, served July 24, 2019, which was the date of compliance with the

---

[2] A copy of AFA's objections is attached as **Exhibit 2**.

3

subpoena were not timely served, and therefore should be deemed waived. As of the writing of this motion August 23, 2019 (now two months after service of the AFA Subpoena), no documents have been received which are responsive to the AFA Subpoena. It is clear that AFA has waived any such objections to the Subpoena contained in its objections. *In Universal City Dev. Ptnrs, Ltd. v. Ride & Show Eng'g, Inc.*, 230 F.R.D. 688, (M.D. Fla. 2005), the U.S. District Court for the Middle District of Florida held a commanded party who failed to time object to a Rule 45 subpoena and failed to furnish a privilege log waived its objections. The facts at issue here are near identical to those in the *Universal* case. In that case attorney client privilege and other privileges were waived as a result of the subpoenaed party not timely objecting within the 14-day window (from service of the subpoena at issue) in that case. AFA has made no colorable attempt to comply with the rules and at best is using its bad-faith objections to hold up production and at worst is covering up possible campaign finance violations.

Even if the Court is inclined to consider the untimely objections, AFA's objections must still be overruled because the whole of AFA's objections are merely boilerplate objections, which the Court should not consider. Furthermore, in the couple of instances where a privilege is implicated, no privilege log has been furnished by AFA nor have they indicated what type or class of document that would be in its possession to give notice to Plaintiff as to whether the alleged privilege would even apply.

"In context of Fed. R. Civ. P. 45(d)(2), U.S. District Court, uses 14-day objection period as default guideline and makes case-by-case determination, taking into account following factors: degree to which objection or assertion of privilege enables litigant seeking discovery and court to evaluate whether each of withheld documents is privileged (where providing particulars typically contained in privilege log is presumptively sufficient and boilerplate objections are

presumptively insufficient); timeliness of objection and accompanying information about withheld documents (where service within 30 days, as default guideline, is sufficient); magnitude of document production; and other particular circumstances of litigation that make responding to discovery unusually easy (such as here, fact that many of same documents were subject of discovery in earlier action) or unusually hard." *Id.* at 698.

Furthermore, in Florida District Courts its well-established that boilerplate objections do not prevent discovery from being sought. *Griffin v. GEICO Gen. Ins. Co.*, No. 4:11CV104-RS/WCS, 2011 WL 13235056, at *3 (N.D. Fla. Oct. 25, 2011); *see also Zale Delaware, Inc.*, 2008 WL 5255555, at *1 ("Parties are not permitted to assert these types of conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable. . . . Objections stating that a request is 'vague,' 'overly broad,' or 'unduly burdensome' are meaningless standing alone."). "To even merit consideration, 'an objection must show specifically how a discovery request is overly broad, burdensome or oppressive, by submitting evidence or offering evidence which reveals the nature of the burden.'" *Henderson v. Holiday*, 269 F.R.D. 682, 686 (S.D. Fla. 2010); see also Griffin, 2011 WL 13235056, at *3 (explaining that the opposing party "must state with specificity the objection and how it relates to the particular request being opposed, and not merely that it is 'overly broad and burdensome' or 'oppressive' or 'vexatious' or 'not reasonably calculated to lead to the discovery of admissible evidence'") (citing *Harding v. Dana Transport, Inc.*, 914 F. Supp. 1084, 1102 (D. N.J. 1996)); *In re Application of Republic of Ecuador*, 4:11MC73-RH/WCS, 2011 WL 10618727, at *5 (N.D. Fla. Aug. 24, 2011) (same); *Coker v. Duke & Co.*, 177 F.R.D. 682, 686 (M.D. Ala. 1998) ("The resisting party must make a particular and specific demonstration of fact and cannot rely on simple conclusory assertions about the difficulty of complying with a discovery request."). As

this Court has repeatedly stated, "[b]urden cannot be determined without knowing how the information is organized, how much there is, and where the information is kept. The parties cannot confer in good faith to try to resolve a discovery dispute without an understanding of the nature of the dispute, and the court cannot grant relief in a vacuum." *Griffin*, 2011 WL 13235056, at *3 (overruling all boilerplate objections); see also *Russell v. Fast Payday Loans, Inc.*, No. 4:07CV488-SPM/WCS, 2008 WL 11338347, at *1 (N.D. Fla. June 27, 2008) (explaining that "[I]ntoning the 'overly broad and burdensome' litany, without more, does not express a valid objection. . . . Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless . . . .") (internal citations omitted); see also *Planet Bingo, LLC v. Kerr*, No. 5:10CV315/RS/EMT, 2011 WL 13238348, at *3 (N.D. Fla. Oct. 27, 2011) (same); *In re Application of Republic of Ecuador*, 2011 WL 10618727, at *5 (same)

      The AFA Subpoena is narrowly tailored to seek relevant information regarding one specific transaction which was made by Judgment Debtor Parnas. The requested documentation is not onerous or overly burdensome, and presumably if the documentation sought were so vital and confidential AFA would have timely objected to the subpoena or even had counsel contact Plaintiff's counsel prior to July 24, 2019 (the serving of AFA's untimely objections) to discuss scope. AFA and its counsel did none of that. The entirety of AFA's objections are mere boilerplate objections and should not preclude AFA from fully producing the documents with no restriction.

**Case No. 19-MC-80024**

## Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff respectfully requests the entry of an order:

(1) overruling AFA's Objections

(2) compelling AFA to produce documents responsive to the AFA Subpoena as soon as possible.

(3) granting any further or other relief the Court deems just and appropriate.

## CERTIFICATE OF GOOD FAITH CONFERENCE

The undersigned hereby certify that they have conferred with counsel for AFA in writing in an attempt to resolve the matters raised in this motion.

Dated: August 23, 2019

ANDRE LAW FIRM P.A.
Counsel for judgment creditor
18851 N.E. 29th Ave Suite 724
Aventura, FL 33180
Tel. 786 708 0813
Fax. 786 513 8408
Designated email: andre@andrelaw.com

By: _____/s/ Tony Andre_____
Tony Andre, Esq.
Florida Bar No. 40587

**Case No. 19-MC-80024**

## **CERTIFICATE OF SERVICE**

      I certify that on August 23, 2019 I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner delineated, either via transmission of a Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive the Notice of Electronic Filing electronically.

    Chris Draper, Esq.
    Greenspoon Marder
    525 Okeechobee boulevard Suite 900
    West Palm Beach FL 33401
     Attorneys for Judgment Debtors/Global Energy Producers, LLC

    David S. Torborg
    Jones Day
    51 Louisiana Ave., NW
    Washington, DC 20001
     Attorneys for America's First Action, Inc.

                                              */s/ Tony Andre*
                                              Tony Andre, Esq.