UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

------------------------------------------------------------------------ x
PUES FAMILY TRUST IRA, et al.,                                           :
                                                                         :
                              Plaintiff,                       :
                        v.                                  : Case No. 19-80024-DMM
                                                                         :
PARNAS HOLDINGS, INC., et al.,                                           :
                                                                         :
                            Defendants.                     :
------------------------------------------------------------------------ x

**AMERICA FIRST ACTION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION***

Pursuant to Rule 45(d)(2)(B) of the Federal Rules of Civil Procedure (the "Federal Rules"), America First Action, Inc. ("America First"), by and through its attorneys, hereby submits its Responses and Objections to Plaintiff's *Subpoena to Produce Documents, Information, or Objects or To Permit Inspection of Premises in a Civil Action* (the "Subpoena"), dated June 17, 2019.

## **GENERAL OBJECTIONS**

In addition to the objections separately set forth in response to individual requests for production, responses are provided subject to the following General Objections to which reference is hereby made with respect to each such response, whether or not specifically referred to therein. Each response herein is qualified by and incorporates the following General Objections and is limited to the matters not covered thereby.

      1.      America First objects to the place of compliance identified in the Subpoena as beyond 100 miles of where America First resides, is employed, or regularly transacts business in person. *See* Fed. R. Civ. P. 45(c)(2)(A).

2. America First objects to each and every request for production to the extent that it seeks documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity.  Inadvertent disclosure of any such document shall not constitute a waiver of any privilege or any other ground for objection to discovery with respect to such document, the subject matter thereof, or other documents, and shall not waive the right of America First to object to the use of any such documents or information contained therein in this action or in any other proceeding.  America First will withhold documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or immunity, and will provide Plaintiff with a list of documents withheld on the basis of this objection in accordance with the Federal Rules within a reasonable time after production.

3. America First objects to each and every request for production to the extent that it seeks documents protected from disclosure under the First Amendment.  The Supreme Court has recognized that the forced disclosure of political associations raises First Amendment concerns, because the "[i]nviolability of privacy in group association may in many circumstances be indispensable to preservation of freedom of association." *NAACP v. State of Ala. ex rel. Patterson*, 357 U.S. 449, 462 (1958).  "[C]ompelled disclosure of internal campaign communications" in civil discovery can deter activities protected under the First Amendment "by chilling participation and by muting the internal exchange of ideas." *Perry v. Schwarzenegger*, 591 F.3d 1147, 1163 (9th Cir. 2010).  Thus, courts "have repeatedly found that compelled disclosure, in itself, can seriously infringe on privacy of association and belief guaranteed by the First Amendment." *Id.* at 1160.  America First will withhold communications solely between and among America First personnel, contractors, or agents that qualify for protection under the

First Amendment and provide Plaintiff with a list of documents so withheld in accordance with the Federal Rules within a reasonable time after production.

4.  America First objects to each and every request for production to the extent that it purports to impose obligations beyond those required by the Federal Rules, or to the extent that it seeks information beyond that permitted by the Federal Rules. America First will respond in accordance with the Federal Rules.

5.  America First objects to each and every request for production to the extent that it lacks particularity and seeks production of "any" documents or communications responsive to a particular description where the production of "any" such documents is not relevant to any claim or defense of any party and/or where the search for, collection of, or production of all such documents would be unduly burdensome. Subject to its general and specific objections, America First will conduct a reasonable, good-faith search for documents within the requirements of applicable law.

6.  America First objects to each and every request for production to the extent that it seeks to require America First to search for and produce electronic media or any form of electronic media that is currently inaccessible, not reasonably accessible, stored in a form in which it is not ordinarily maintained or reasonably usable, unreasonably voluminous, or otherwise would be burdensome to search or review.

7.  America First objects to each and every request for production to the extent that it calls for the production of internal proprietary business information or other private or confidential information of America First. America First will make its document production subject to and upon entry of an agreed-upon protective order.

8.  America First objects to the requests to the extent that they seek production of

documents or information subject to confidentiality or nondisclosure agreements with third parties (or other agreements governing the sharing of information).

9. America First objects to the requests for production to the extent that certain terms and phrases are undefined and therefore are susceptible to multiple interpretations. America First specifically objects to the definition of "You" as being overly broad, as seeking to include individuals and entities that are not or are no longer within the control of America First, and to the extent that it imposes obligations upon America First beyond the scope of the Federal Rules.

10. America First objects to each and every request for production to the extent that it seeks documents that are duplicative of other documents or information that are produced.

11. By responding to any request for production America First does not concede the materiality or relevance of the subject to which the request for production refers, nor does America First accept the characterizations made by the requests for production. America First's responses are made subject to non-waiver of any objections with regard to any of the documents or information produced hereto or referenced herein, whether in the trial of this action or in any subsequent action or proceeding, including those based upon the competency, relevancy, materiality, privilege, or admissibility of the information produced hereto or referenced herein.

12. America First will make a reasonable, good-faith search for documents and reserves the right to supplement and/or amend the objections and/or responses to these requests for production should additional information or responsive documents be located.

## **NON-WAIVER**

If America First, in response to any document request, inadvertently discloses information or produces documents that are or may be the subject of any of the foregoing

objections, such disclosure or production is not intended to be, nor shall it be deemed to be, a waiver of America First's objections with respect to such disclosure or documents or any withheld documents.

## **RESPONSES AND SPECIFIC OBJECTIONS**

**REQUEST NO. 1:**

*Any and all documents in your possession, custody or control that relate or reflect or refer to:  The wire transfer/contribution from Aaron Investments I, LLC and You, which purports to transfer $325,000.00 from Aaron Investments I, LLC to You on May 17, 2018 (See redacted wire transfer information attached as Exhibit 1).*

**RESPONSE:**

America First objects to the extent that the request assumes that the contribution was "from" Aaron Investments I, LLC and not Global Energy Producers, LLC.  America First also objects to producing internal campaign communications protected from disclosure under the First Amendment, *Perry*, 591 F.3d at 1139.

Without waiving and subject to the foregoing General and Specific Objections, America First will produce the requested wire transfer/contribution and will conduct a reasonable, good-faith search for and produce any documents that relate, reflect, or refer to the referenced wire transfer/contribution.

**REQUEST NO. 2:**

*Any and all documents in your possession, custody or control that relate or reflect or refer to:  Any and all documentation, including correspondence, related to the attached wire that explains why You reported to the federal authorities the source of the funds wired were from third party Global Energy Producers, LLC (See attached Exhibit 2) and not Aaron Investments I, LLC the apparent source of the funds.*

**RESPONSE:**

America First objects to producing any documents in response to this request because documents related to why or how the contribution was reported to federal authorities are not

relevant to the claims in this case—*i.e.*, that the Judgment Debtor allegedly fraudulently transferred assets to avoid satisfying a judgment debt—and the request is not proportional to the needs of the case. America First further objects to this request as overly broad and unduly burdensome to the extent it seeks "any" document. America First also objects to this request because the instruction to produce documents that "explain[] why" America First reported the contribution as it did is vague, ambiguous, and overly broad. Finally, America First objects to producing internal campaign communications protected from disclosure under the First Amendment, *Perry*, 591 F.3d at 1139.

**REQUEST NO. 3:**

> *Any and all documents in your possession, custody or control that relate or reflect or refer to: Correspondence between You and Judgment Debtor or his agents, or correspondence concerning Judgment Debtor or his agents related to business dealings with You, including but not limited to the subject $325,000.00 contribution evidenced here.*

**RESPONSE:**

America First objects to this request because the phrase "his agents" is vague, ambiguous, and not defined. America First further objects to the extent that documents pertaining to business dealings are not relevant to the claims in this case or not proportional to the needs of the case. Finally, America First objects to producing internal campaign communications protected from disclosure under the First Amendment, *Perry*, 591 F.3d at 1139.

Without waiving and subject to the foregoing General and Specific Objections, America First will conduct a reasonable, good-faith search for and produce any documents that relate, reflect, or refer to any business dealings between America First and the Judgment Debtor,

including without limitation the referenced wire transfer/contribution, to the extent those documents are not protected from disclosure under the First Amendment.

Dated:  July 24, 2019
        Washington, DC

Respectfully submitted,

/s/ David S. Torborg
David S. Torborg
JONES DAY
51 Louisiana Ave., NW
Washington, DC 20001
Telephone:  (202) 879-3939
Facsimile:  (202) 626-1700

*Counsel for America First Action, Inc.*

## AFFIRMATION OF SERVICE

I, David S. Torborg, hereby certify that on July 24, 2019, I caused the foregoing AMERICA FIRST ACTION, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S *SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION* to be served by U.S. mail and email upon counsel for the Plaintiff:

> Tony Andre
> Andre Law Firm, P.A.
> 18851 N.E. 29th Ave., Suite 724
> Aventura, FL 33180
> info@andrelaw.com

Dated:  July 24, 2019

/s/ David S. Torborg
David S. Torborg