UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-mc-80024-MIDDLEBROOKS

PUES FAMILY TRUST IRA, BY
MICHAEL PUES, EXECUTOR OF
THE ESTATE,

       Plaintiff,

       v.

PARNAS HOLDINGS INC., and
LEV PARNAS, individually,

       Defendants.

_____/

## ORDER COMMENCING PROCEEDINGS SUPPLEMENTARY

THIS CAUSE comes before the Court upon Plaintiff Pues Family Trust IRA's Amended

Motion to Commence Proceeding Supplementary to Execution and Implead Third Parties, filed on

July 15, 2019. (DE 30). No response has been filed. For the reasons below, the motion is granted.

### BACKGROUND

In this case, Plaintiff seeks to enforce a judgment that was entered against Defendants

Parnas Holdings Inc. and Lev Parnas. On March 28, 2016, the Eastern District of New York

entered the underlying final judgment in Plaintiff's favor and against Defendants in the amount of

$510,434.70. (DE 1; DE 1-2). Plaintiff initiated this action on January 8, 2019 by registering that

judgment with the Court.[1] (DE 1).

Through post-judgment discovery, Plaintiff claims to have learned that Defendants

fraudulently transferred assets to several entities. (DE 25 at 2 ¶ 5). These entities include: 1)

---

[1]Plaintiff also states that he domesticated the judgment in state court. (DE 25 at 2¶ 4).

Global Energy Producers, LLC ("GEP"); 2) America First Action, Inc. ("AFA"); 3) Aaron Investments; 4) LSDAMA, LLC ("LSDAMA"); 5) the National Republican Congressional Committee ("NRCC"); and 6) Pete Sessions for Congress ("Sessions Campaign") (collectively the "Entities"). (DE 25).

Plaintiff now seeks to collect the unsatisfied final judgment. Plaintiff seeks entry of an order commencing proceedings supplementary and to implead each of the entities listed above. In making this latter request, Plaintiff states that the various entities were involved with fraudulent transfers initiated by Defendants. Plaintiff further asserts that the transferred assets should have been remitted to Plaintiff because of the unsatisfied judgment.

## LEGAL STANDARD

Supplementary proceedings are proceedings, subsequent to judgment, to aid a judgment creditor in collecting their judgment against the judgment debtor. Pursuant to the Federal Rules, the procedure on execution of a money judgment, and in proceedings supplementary to and in aid of judgment or execution, must accord with the procedure of the state where the court is located. Fed. R. Civ. P. 69. Under Florida law,

> When any judgment creditor holds an unsatisfied judgment or judgment lien obtained under chapter 55, the judgment creditor may file a motion and an affidavit so stating, identifying, if applicable, the issuing court, the case number, and the unsatisfied amount of the judgment or judgment lien, including accrued costs and interest, and stating that the execution is valid and outstanding, and thereupon the judgment creditor is entitled to these proceedings supplementary to execution.

Section 56.29, Fla. Stat. "The statutory procedure was designed to avoid the necessity of the judgment creditor initiating an entirely separate action for a creditor's bill." *Regent Bank v. Woodcox*, 636 So.2d 885, 886 (Fla. 4th Dist. Ct. App. 1994). Judicial precedent suggests that "[t]he statute should be given a liberal construction so as to afford to the judgment creditor the most complete relief possible." *Richard v. McNair*, 164 So. 836, 840 (Fla. 1935).

2

In order to initiate proceedings supplementary, the statute requires only "that the judgment creditor have an unsatisfied judgment and file an affidavit averring that the judgment is valid and outstanding." *Fundamental Long Term Care Holdings, LLC v. Estate of Jackson ex rel. Jackson-Platts*, 110 So. 3d 6, 8 (Fla. 2nd Dist. Ct. App. 2012). Once the proceedings are initiated, the standard for impleading a third-party "is not high." *Am. Home Assurance Co. v. Weaver Aggregate Transp., Inc.*, No. 5:10-CV-329-OC-32PRL, 2018 WL 829126, at *2 (M.D. Fla. Feb. 12, 2018).

Florida law also outlines procedures for discovery in proceedings supplementary, which exist in addition to any other discovery permitted under the rules of civil procedure. Section 56.30(1), Fla. Stat.

> [O]n the judgment creditor's motion the court shall require the judgment debtor to appear before it or a general or special magistrate at a time and place specified by the order in the county of the judgment debtor's residence or principal place of business to be examined concerning property subject to execution.

*Id.* Testimony under oath is required for such examinations, which may "cover all matters and things pertaining to the business and financial interests of the judgment debtor which may tend to show what property the judgment debtor has and its location." Section 56.30(3), Fla. Stat. Such examinations permit a judgment creditor to ascertain information necessary to file a sufficiently detailed Notice to Appear. Once a Notice to Appear has been entered and the judgment debtor on whom it has been served responds by affidavit, the court may order any property, not exempt, under the control of any person subject to the Notice to Appear to be levied upon and applied toward the satisfaction of the judgment debt. Sections 56.29(2)-(6), Fla. Stat.

## DISCUSSION

Plaintiff has shown that it is entitled to the initiation of proceedings supplementary. In the present Motion, Plaintiff states that Defendants have failed to satisfy a Final Judgment, and that the Final Judgment remains valid and outstanding. (DE 25 at 1-2 ¶ 1). In light of the minimal

requirements to initiate proceedings supplementary, *Fundamental Long Term Care Holdings*, 110 So. 3d at 8, Plaintiff's Motion is granted as to this request.

Plaintiff shall also be permitted to implead the Entitites. The standard for impleading a third party into an open proceedings supplementary is not high, *Am. Home Assurance Co.*, 2018 WL 829126, at *2, and "an order allowing impleader of third parties under section 56.29 does no more than allow third parties to be sued, and does not determine any substantive rights." *NTS Fort Lauderdale Office Joint Venture v. Serchay*, 710 So.2d 1027, 1028 (Fla. 4th Dist. Ct. App. 1998). Each of the Entities are either an alleged alter ego of Defendants or are in possession of funds that, according to Plaintiff, should have been paid to Plaintiff in satisfaction of the outstanding judgment. In order to permit Plaintiff to seek to either hold some of the Entities liable and to seek disgorgement from the other Entities, Plaintiff shall be permitted to file an impleader complaint against these parties. *See KHI Liquidation Tr. v. S&T Painting*, No. 8:17-MC-133-T-35JSS, 2018 WL 1726435, at *3 (M.D. Fla. Apr. 10, 2018) ("Therefore, while the Court has jurisdiction to implead [the third party] and disgorge assets [the judgment debtor] fraudulently transferred to it, the Court lacks jurisdiction to hold [the third party] liable for the Judgment unless [the judgment creditor] separately establishes the Court's original jurisdiction over such a claim.").

Finally, Plaintiff's Motion shall be granted with respect to the request to have Defendant Lev Parna's appear for an examination. Plaintiff asks for this examination so that Parnas may be questioned, under oath, about his assets and the alleged fraudulent transfers described above. (DE 25 at 11 ¶ 13). Such examinations are explicitly authorized by the statute. *See* Fla. Stat. § 56.30.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) Plaintiff's Motion to Commence Proceeding Supplementary to Execution and Implead Third Parties (DE 25) is **GRANTED.**

(2) Plaintiff may file an impleader complaint against the Entities.  Any such complaint must be filed by November 18, 2019.

(3) The Entities have the opportunity to present defenses, can conduct discovery, and have a right to a jury trial.

(4) This Order, along with the Motion for Proceeding Supplementary (DE 25), **SHALL BE SERVED** in the same manner as process.  Plaintiff shall file a Notice of Service with this Court.

(5) Within 30 days of service of this Order, Lev Parnas is **COMPELLED**, pursuant to section 56.30, Florida Statutes, to appear for an examination before United States Magistrate Judge Dave Lee Brannon.

**SIGNED** in Chambers at West Palm Beach, Florida, this ___ day of October, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE