UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-mc-80024-MIDDLEBROOKS

PUES FAMILY TRUST IRA, BY
MICHAEL PUES, EXECUTOR OF
THE ESTATE,

    Plaintiff,

v.

PARNAS HOLDINGS INC., and
LEV PARNAS, individually,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Non-Party United States of America's (the "Government") Motion to Vacate the Writ of Garnishment Issued to the United States District Court Eastern District of Virginia, filed on November 5, 2019. (DE 39). The Government filed the motion under seal. For the following reasons, I will unseal the motion and order the Parties to file expedited responses.

"Unless otherwise provided by law, Court rule or Court order, proceedings in the United States District Court are public and Court filings are matters of public record." S.D. Fla. L.R. 5.4(a). It is clearly established that the general public possesses a common-law right to access judicial records and that judicial records are presumed to be public documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *see also Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311 (11th Cir. 2001). Judicial records are presumed to be public documents because "[o]nce a matter is brought before a court for resolution, it is no longer solely the parties' case, but also the public's case." *Brown v. Advantage Eng'g, Inc.*, 960

F.2d 1013, 1016 (11th Cir. 1992). "The common law right of access may be overcome by a showing of good cause, which requires 'balanc[ing] the asserted right of access against the other party's interest in keeping the information confidential.'" *Romero v. Drummond Co., Inc.*, 480 F.3d 1234, 1246 (11th Cir. 2007) (quoting *Chicago Tribune*, 263 F.3d at 1309).

When a party (or non-party) seeks to file something under seal, that Party must follow the procedure described in Local Rule 5.4. Under this Court's local rules:

> In a case that is not otherwise sealed in its entirety as permitted or required by federal law, file electronically via CM/ECF a motion to file under seal that sets forth the factual and legal basis for departing from the policy that Court filings are public and that describes the information or documents to be sealed (the 'proposed sealed material") with as much particularity as possible, but without attaching or revealing the content of the proposed sealed material. The proposed sealed material shall not be filed unless the Court grants the motion to file under seal.

Local Rule 5.4(b)(1). Here, the Government filed the present Motion without following this procedure.

I also note that the Writ of Garnishment that the Government seeks to quash has been publicly filed by Plaintiff. (*See* DE 38-1 at 5-6). Therefore, the presence of the writ is a matter of public record and I see no reason why the present Motion should be sealed. The Clerk of Court is hereby directed to unseal the Motion (DE 39).

In light of the nature of the Government's Motion (DE 39), I will require expedited briefing on the Motion. Plaintiff and Defendant must file any response to the Government's Motion by November 12, 2019. In preparing their responses, the Parties should consider the applicability of *Law Offices of David Efron, P.C. v. Candelario*, 842 F.3d 780 (1st Cir. 2016) and *Landau v. Vallen*, 895 F. 2d 888 (2d Cir. 1990).

2

Moreover, I encourage the Parties to make additional reasonable efforts to confer and resolve the dispute at issue. If the Parties resolve the dispute at issue in the Government's Motion, they must promptly notify the Court.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that

(1) The Government's Motion to Vacate (DE 39) is taken under advisement.

(2) The Clerk of Court **SHALL UNSEAL** the Motion (DE 39).

(3) Plaintiff's and Defendant's responses to the Government's Motion (DE 39) are due by **November 12, 2019.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 7 day of November, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE