UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-mc-80024-MIDDLEBROOKS

PUES FAMILY TRUST IRA, BY
MICHAEL PUES, EXECUTOR OF
THE ESTATE,

    Plaintiff,

v.

PARNAS HOLDINGS INC., and
LEV PARNAS, individually,

    Defendants.
_____/

## ORDER ON MOTION TO STAY

THIS CAUSE comes before the Court upon Defendant Lev Parnas's Motion to Stay Proceedings Supplementary, filed on November 25, 2019. (DE 54). Plaintiff responded to the Motion on November 27, 2019. (DE 57). For the reasons below, the motion is granted in part.

In this case, Plaintiff seeks to enforce a judgment that was entered against Defendants Parnas Holdings Inc. and Lev Parnas. On March 28, 2016, the Eastern District of New York entered the underlying final judgment in Plaintiff's favor and against Defendants in the amount of $510,434.70. (DE 1; DE 1-2). Plaintiff initiated this action on January 8, 2019 by registering that judgment with the Court.[1] (DE 1).

Through post-judgment discovery, Plaintiff claims to have learned that Defendants fraudulently transferred assets to several entities. (DE 25 at 2 ¶ 5). These entities include: 1) Global Energy Producers, LLC; 2) America First Action, Inc.; 3) Aaron Investments; 4)

---

[1] Plaintiff also has stated that he domesticated the judgment in state court. (DE 25 at 2 ¶ 4).

LSDAMA, LLC; 5) the National Republican Congressional Committee; and 6) Pete Sessions for Congress (collectively the "Entities"). (DE 25).

In an effort to collect on the unsatisfied judgment, Plaintiff previously moved for an order commencing proceedings supplementary and impleading the Entities. Because Plaintiff met the minimal standard required to initiate such proceedings, I granted the motion and commenced these proceedings supplementary. (DE 33). Pursuant to section 56.30, Florida Statutes, I also compelled Defendant Lev Parnas to appear for an examination before United States Magistrate Judge Dave Lee Brannon. (*Id.*). That examination is currently scheduled for December 3, 2019.

In the present Motion, Defendant Parnas asks to stay these proceedings supplementary. (DE 54). In making this request, Parnas contends that he is currently under indictment for allegedly violating the Federal Election Act and that indictment partially relates to the "same financial transactions alleged to have been in furtherance of efforts to avoid" satisfying Plaintiff's judgment. (*Id.* at 4). Defendant Parnas further asserts that if the proceedings supplementary were to continue and he was compelled to appear for an examination before Judge Brannon, "he would decline to answer [certain] questions on the ground that his answers would violate his Fifth Amendment privilege against self-incrimination." (*Id.*).

"Although under certain circumstances, a trial court may grant a stay in a civil proceeding for a limited time during the pendency of a concurrent criminal proceeding, such a stay is not constitutionally required." *Urquiza v. Kendall Healthcare Grp., Ltd.*, 994 So. 2d 476, 478 (Fla. 3d DCA 2008); *see also Speegle v. Rhoden*, 236 So. 3d 498, 499 (Fla. 1st DCA 2018) (affirming trial court's decision to deny motion to stay civil proceedings pending disposition of related criminal proceedings under the deferential abuse of discretion standard). However, "[i]t is settled law that the privilege against self-incrimination may be properly asserted during discovery

2

proceedings if the civil litigant has reasonable grounds to believe that direct answers to deposition or interrogatory questions would furnish a link in the chain of evidence needed to prove a crime against him." *Doolittle v. Shumer*, 152 So. 3d 779, 781 (Fla. 5th DCA 2014) (quoting *Childs v. Solomon*, 615 So. 2d 865, 866 (Fla. 3d DCA 1993)). For this reason, Florida courts have stayed civil proceedings where, as here, a party indicates he will assert the privilege against self-incrimination during those proceedings due to ongoing related criminal proceedings. *See, e.g., Childs*, 615 So. 2d at 866.

I will grant the present Motion to the extent it requests Defendant Parnas's examination to be stayed pending the disposition of the criminal case. Although the Florida cases discussed above dealt with a typical civil case, and not proceedings supplementary, I find their reasoning to be persuasive.

In fact, their reasoning is especially persuasive in the context of these proceedings. At this point, Plaintiff has obtained a judgment against Defendants, which has remained unsatisfied for several years. The purpose of these proceedings in part is to determine whether in an effort to avoid satisfying that judgment, Defendant Parnas fraudulently transferred assets to several of the Entities. However, if Defendant Parnas invokes his privilege against self-incrimination during his examination, then Plaintiff will certainly be unable to obtain information from Parnas regarding those transfers, Parnas's other assets, and his ability to satisfy the judgment. Therefore, it would be a waste of judicial resources to require Parnas to appear for an examination during the pendency of his criminal proceedings.[2]

---

[2]Plaintiff also requests for Defendant Parnas to be required to post a bond while this case is stayed. (DE 57). However, Plaintiff has not cited any relevant authority holding that a bond is appropriate under the circumstances of this case. I decline to require the posting of a bond under these usual circumstances.

3

Although I have ruled that only Parnas's examination shall be stayed, it seems that Defendant Parnas's request to stay these proceedings in their entirety may have merit. It appears that any manner in which Parnas may be called upon to participate in these proceedings would result in Parnas's invocation of his privilege against self incrimination. However, at this time, I will not grant the request to stay the proceedings supplementary. Instead, I will allow Plaintiff to brief the issue of whether, in light of this Order, it believes that these proceedings should remain active. In the event Plaintiff believes that no stay should be granted, Plaintiff shall include reasoning justifying that position and describe how it intends to move forward.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1) Defendant's Motion to Stay (DE 54) is **GRANTED IN PART.**

(2) The examination of Defendant Lev Parnas, which is currently scheduled for December 13, 2019 at 10:00 a.m., is **CANCELLED.**

(3) Plaintiff, if it so desires, shall submit any filings on the issues identified in this Order by **December 19, 2019.**

**SIGNED** in Chambers at West Palm Beach, Florida, this 5 day of December, 2019.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE