UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

PUES FAMILY TRUST IRA, MICHAEL
PUES EXECUTOR

v.

PARNAS HOLDINGS, INC, LEV PARNAS   Case No. 19-MC-80024 DMM

  Debtor.
_____/

## JUDGMENT CREDITOR PUES FAMILY TRUST IRA'S RESPONSE TO DEFENDANT LEV PARNAS' MOTION TO STAY PROCEEDINGS SUPPLEMENTARY

Judgment creditor, PUES FAMILY TRUST IRA, ("Judgment Creditor" or "Pues"), by and through the undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby files this Response to Defendant LEV PARNAS' Motion to Stay Proceedings Supplementary ("Motion to Stay" D.E. 54) and in support states as follows:

### PROCEDURAL HISTORY

On March 28, 2016, the United States District Court for the Eastern District of New York entered a final judgment of money damages in favor of Judgment Creditor against Defendants PARNAS HOLDINGS, Inc. and LEV PARNAS (hereinafter referred to as the "Final Judgment") in the amount $510,434.70. On January 8, 2019, Judgment Creditor, pursuant to 28 U.S.C. 1963, duly registered the Final Judgment in the United States District Court for the Southern District of Florida by filing a certified copy of the judgment along with the properly signed and stamped Clerk's Certification of a Judgment to be Registered in Another District, signed by a deputy clerk of the United States District Court for the Eastern District of New York. It should be noted that prior to registering the Judgment in this Court, Pues domesticated the judgment in Palm Beach

County (FL) state circuit court, Case No. 50-2018-CA-02109-XXXX-MB.  That action was commenced on or about February 19, 2018.

Pursuant to its creditor's rights under the registered Final Judgment (and also pursuant to Rule 69(a)(2) of the Federal Rules of Civil Procedure and applicable Florida law), Judgment Creditor filed a Motion to Commence Proceeding Supplementary and Implead Third Parties ("Motion to Commence" D.E. 25).  The Court granted the Motion to Commence on October 28, 2019 (Order Commencing D.E. 30) and subsequently set the examination of judgment debtor LEV PARNAS on December 13, 2019.  Hours after the Court ordered the examination LEV PARNAS filed his Motion to Stay.  The Court in an Order Granting the Motion to Stay in Part (D.E. 60), cancelled the examination of LEV PARNAS and indicated that it would stay the entire proceeding supplementary, unless Plaintiff provided reasoning on why the proceeding should not be stayed, and what Plaintiff intends to do going forward.

## ARGUMENT

**I.     The Proceeding Supplementary Should not be Stayed Because the Defendant Lev Parnas is still Actively Defrauding Creditors and has Taken Actions and is Using this Court and its Ruling to Perpetuate Active Fraud and As Alleged by the United States Attorney for the Southern District of New York is Continuing Illegal Action Regarding the Disclosure of his Finances.  Furthermore, Defendant Lev Parnas is using his wife to Conceal his Income from Foreign Sources and She Should Also be Impleaded in this Action.**

LEV PARNAS continues to actively defraud his creditors, more specifically, Plaintiff, and is using this Court as a shield to perpetuate this fraud.  Staying the proceeding would just be rewarding LEV PARNAS' dishonest actions.  Just this week, the United States Attorney for the Southern District of New York filed a letter motion (attached in its entirety as an exhibit to this response) with the judge in the criminal action against LEV PARNAS pending in the Southern District seeking to revoke LEV PARNAS's bail.  In that explosive filing, it has been revealed

that while this proceeding supplementary was about to be commenced, that LEV PARNAS was in possession of $1,000,000.00 that he received from a foreign bank account and was being funneled through his spouse Svetlana Parnas' individual bank account in order to defraud creditors. The filing by the United States attorney alleges that LEV PARNAS lied to the Pretrial Services Division of the SDNY (which apparently governs release conditions to criminal defendants) to actively hide this fact. It also alleges that LEV PARNAS lied about the amount cash he had access to, so he'd have to pay a lower amount to secure his release, which the United States Attorney for SDNY incredulously agreed to based solely on LEV PARNAS' representations. In its motion (referred hereafter as "SDNY Filing") the United States Attorney for SDNY alleged that LEV PARNAS misrepresented his income as a "translator" for a law firm representing Ukrainian Oligarch Dimitryo Firtash (who is also an indicted criminal defendant and has been fighting extradition to this country for years). LEV PARNAS received $200,000.00 for this "work" but only represented having made $50,000.00[1]. The SDNY Filing indicates that this $200,000.00 was held in Svetlana's name "Between August and October 2019, Parnas Received $200,000.00- not $50,000.00 as he told Pre-trial Services--- from the Law Firm in Account-1, which was held in Svetlana's name, in what appears to be an attempt to ensure that any assets were held in Svetlana's name, rather than Lev.'s name." The SDNY Filing then describes Plaintiff's judgment specifically as a reason for LEV PARNAS payment arrangement through his wife Svetlana. While this is not conclusive of fraud, it should be highly persuasive to this Court that LEV PARNAS continues to actively convey his assets fraudulently in attempt to frustrate creditors. It also adequately explains how a stay at home mother with no assets and

---

[1] It should also be noted that LEV PARNAS who was asked directly in interrogatories served by Plaintiff this summer to report income and money received by foreign individuals and failed to report this income from Firtash, further indicating active concealment of assets even when directly questioned.

who is also judgment debtor of record, could post $200,000.00 cash for bail (which is currently the subject of a writ of garnishment pending before this court), and why that a claim of exemption was not even filed by Defendant.

It should also be noted that at the hearing on the United States' motion to revoke bail that it was disclosed that LEV PARNAS had **five** separate $200,000.00 wires made to Svetlana's own account from LEV PARNAS' employer, the Ukrainian Dmitryo Firtash (*See* article, [Rudy Giuliani Associate  Lev Parnas Received $1 Million from Lawyer of Indicted Ukrainian Oligarch](), in USA Today, by Kevin McCoy, December 17, 2019).  The SDNY Filing also indicated that prior to LEV PARNAS's arrest (approximately in September 2019) he had money in escrow for the intended purchase of a $4.5 million home in Boca Raton.  This would appear to be an attempt to further fraudulently convey assets into a homestead (using Florida's powerful homestead exemption) in an effort to defraud creditors.  These actions would indicate that LEV PARNAS in concert with his attorneys (because LEV PARNAS' actions to defraud Plaintiff are become increasingly more sophisticated as this litigation draws out) in trying to defraud Plaintiff.  At this point staying the proceeding with no checks on LEV PARNAS ability to habitually continue to hinder or delay his creditors would be patently unjust as LEV PARNAS continues to demonstrate an active pattern of fraudulent conveyances.  Moreover, Judgment Creditor asks for the foregoing reasons that Svetlana Parnas also be impleaded in this action based on the facts that have come to bare.  Proceeding Supplementary "is intended to empower circuit courts with the right to subject all property or property rights of any defendant in execution, however fraudulently conveyed, covered up, or concealed, and whether in the name or possession of third parties or not, to the satisfaction of an execution outstanding against a defendant. *Arellano v. Bisson*, 847 So.2d 998 (Fla 3d DCA 2003).  If the proceeding was stayed it would unjustly deny

Plaintiff powerful tools at its disposal to execute this judgment while also awarding LEV PARNAS who obviously would continue to take actions which can only be interpreted as hindering and delaying enforcement of the final judgment.  Many of these tools can be exercised independently of LEV PARNAS' examination, which Plaintiff will be ready to take whenever the criminal proceeding against LEV PARNAS are concluded.  The Court, being made aware of LEV PARNAS activities, cannot tacitly aid LEV PARNAS in this aim by staying this proceeding.

**II.    The Fraudulent Transfer Action Should be Allowed to Continue as to America's First Action, Inc.  Staying the Proceeding Supplementary Would Prejudice Plaintiff's Attempts to Recover the $325,000 Fraudulent Transfer from Parnas to America First Action Inc.  The Proceeding Should Also Remain Open to Allow Judgment Creditor to Avail itself of the Ability to Examine Other Witnesses Such as Svetlana Parnas (and Others).**

The Proceeding Supplementary should be allowed so Plaintiff can continue to pursue its claim against America First Action, Inc. ("AFA") who is the one entity where LEV PARNAS is not an insider.  In fact, AFA's counsel contacted the undersigned on December 18, 2019 and indicated that it is AFA's desire and immediate intention to interplead the $325,000.00 to the Court.  The Proceeding Supplementary should be allowed to continue so Judgment Creditor may exercise its claim to the funds in Interpleader and the fraudulent transfer action as to AFA.  Abating this action indefinitely only prejudices Plaintiff which is a family trust which sole purpose is to meet the needs of the Pues' family elderly matriarch, *every day that passes without the Trust recovering its debt is crucial to the care of this woma*n.

It should be noted that Fla. Stat. 56.30 states in relevant part: "any party may call other witnesses to be examined concerning property that may be subject to execution."  Since it proper for Svetlana Parnas to be impleaded in this action, the proceeding supplementary should remain open because it would allow Judgment Creditor to examine Svetlana Parnas (and most likely

others) regarding these fraudulent transfers made to her as alleged in this response, by the United States Attorney for SDNY, and as reported in multiple reputable news outlets. In closing Plaintiff requests that this Court for the foregoing reasons allow the proceeding supplementary to remain open, to implead Svetlana Parnas as an impleader defendant, and any such other relief this Court under Fla. Stat. 56.29 is empowered to provide.

Dated December 18, 2019                    Respectfully Submitted,

                                        ANDRE LAW FIRM P.A.
*Attorneys for Judgment Creditor*
*Pues Family Trust IRA*
18851 N.E. 29th Ave Suite 724
Aventura, FL 33180
Email: andre@andrelaw.com
Telephone: 786 708 0813
Facsimile: 786 513 8408

By:            */s/ Tony Andre*
      Tony Andre, Esq.
      Florida Bar No. 40587

## CERTIFICATE OF SERVICE

I certify that on December 18, 2019 I filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties as identified below in the manner delineated, either via transmission of a Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive the Notice of Electronic Filing electronically.

Chris Draper, Esq.
David Michael Kubilum, Esq.
Greenspoon Marder
525 Okeechobee boulevard Suite 900
West Palm Beach FL 33401
 Attorneys for Judgment Debtors/Global Energy Producers, LLC

*/s/ Tony Andre*
Tony Andre, Esq.