# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 19-mc-80024-MIDDLEBROOKS

PUES FAMILY TRUST IRA, BY
MICHAEL PUES, EXECUTOR OF
THE ESTATE,

       Plaintiff,

v.

PARNAS HOLDINGS INC., and
LEV PARNAS, individually,

       Defendants.

_____/

## ORDER DISSOLVING WRIT OF GARNISHMENT

THIS CAUSE comes before the Court upon Non-Party United States of America's (the "Government") Motion to Dissolve Writ of Garnishment Issued to the United States District Court for the Southern District of New York, filed on December 12, 2019. (DE 62). No response has been filed. For the following reasons, the Motion is granted.

In this case, Plaintiff seeks to enforce a judgment that was entered against Defendants Parnas Holdings Inc. and Lev Parnas. On March 28, 2016, the Eastern District of New York entered the underlying final judgment in Plaintiff's favor and against Defendants in the amount of $510,434.70. (DE 1; DE 1-2). Plaintiff initiated this action on January 8, 2019 by registering that judgment with the Court.[1] (DE 1).

On October 9, 2019, Defendant Lev Parnas was indicted for violating federal election laws. *See United States v. Lev Parnas*, No. 19-cr-00725, DE No. 1 (S.D.N.Y Oct. 9, 2019) (Indictment). That same day, Defendant Parnas was arrested in Dulles, Virginia. *See United States v. Parnas*, No. 19-mj-00443, DE No. 1 (E.D. Va. Oct. 10, 2019) (arrest warrant returned executed as to Defendant Parnas).

_____

[1] Plaintiff also states that he domesticated the judgment in state court. (DE 25 at 2 ¶ 4).

At his first appearance in Virginia, which was also held on October 10, 2019, Defendant Parnas's bond request was granted. *Id.* at DE No. 6 (order setting conditions of release). Defendant Parnas subsequently deposited $200,000 into the Eastern District of Virginia's Clerk of Court's registry. *Id.* at DE No. 11-1 (receipt of funds).

In furtherance of Plaintiff's attempt to collect on the unsatisfied judgment, Plaintiff moved to garnish Defendant Parnas's bond money from his criminal case. To collect Parnas's bond money, on October 29, 2019, here in the Southern District of Florida, Plaintiff moved for the issuance of writs of garnishment as to both the United States District Court for the Southern District of New York and the United States District Court for the Eastern District of Virginia. (DE 34; DE 36). The Clerk of Court for this District issued the requested writs later that day. (DE 35; DE 37). According to the Eastern District of Virginia's docket sheet, the bond funds at issue were transferred to the Clerk of Court for the Southern District of New York. *Parnas*, No. 19-mj-00443, DE No. 15 (E.D. Va. Nov. 15, 2019) (order granting consent motion to transfer cash bond). Because the Clerk of Court for the Eastern District of Virginia was no longer in possession of the bond money, I vacated the writ as to the Eastern District of Virginia. (DE 39; DE 58).

In the present Motion, the Government moves to dissolve the writ of garnishment issued to the United States District Court for the Southern District of New York. (DE 62). A garnishment proceeding "is not an action *in personam*, nor is it, strictly speaking, a proceeding *in rem*. Partaking of the nature of both, it is frequently classified as a proceeding *quasi in rem*." *U.S. Rubber Co. v. Poage*, 297 F.2d 670, 673 (5th Cir. 1962). "Because of the dual nature of a garnishment proceeding, courts sitting in this state have held that a court presiding over a writ of garnishment must not only have personal jurisdiction over the garnishee, but also jurisdiction over the property or 'res' that is the subject of the writ of garnishment." *Stansell v. Revolutionary Armed Forces of Colombia*, 149 F. Supp. 1337, 1339 (M.D. Fla. 2015) (citing

cases); *see also Harris v. City of Sarasota*, 132 So. 366, 369 (Fla. 1938) ("An action *quasi in rem* requires a seizure of property within the jurisdiction of the court or its equivalent[.]").

I will grant the Government's Motion and dissolve the writ of garnishment. Courts within this district have held that Florida's garnishment statute was not intended to reach assets located outside of the state. *See id.*; *Skulas v. Loiselle*, 2010 WL 1790439, at *3 (S.D. Fla. Apr. 9, 2010) (dissolving writ of garnishment  upon finding that "because the bank account at issue [wa]s located in Pennsylvania, the Court d[id] not have jurisdiction over it"), *report and recommendation adopted*, 2010 WL 1790433 (S.D. Fla. May 5, 2010); *APR Energy, LLC v. Pakistan Power Resources, LLC*, 2009 WL 425975, at *2 (M.D. Fla. Feb. 20, 2009) (dissolving writ of garnishment against Oklahoma bank account because court lacked jurisdiction to issue the writ). I agree with the reasoning in the above-cited decisions; Florida courts must have jurisdiction over the funds that a party seeks to garnish. Because this Court lacks jurisdiction over Parnas's bond money, which is currently in possession of the Clerk of Court for the Southern District of New York, I will dissolve the writ.

This decision is further supported by Florida's Fourth District Court of Appeals' decision in *Sargeant v. Al-Saleh*, 137 So. 3d 432 (Fla. 4d DCA 2014), which addressed an issue similar to the one presented here. In that case, the judgment creditor initiated proceedings supplementary in attempting to collect upon an unsatisfied judgment. The trial judge compelled the turnover of certain assets located outside of Florida. The appellate court reversed. Because "Florida courts do not have *in rem* or *quasi in rem* jurisdiction over foreign property," *id.* at 434, the court concluded that the trial court lacked jurisdiction to compel the turnover of assets located outside of the state. *See also Burns v. State Dep't of Legal Affairs*, 147 So. 3d 95, 97 (Fla. 5th DCA 2014) (finding no jurisdiction to seize assets located outside of Florida).

The court in *Al-Saleh* was also cognizant of the negative policy implications of a contrary decision. "[W]e are concerned about the practical implications of permitting Florida trial courts to order judgment

3

debtors to turn over assets located outside the state. . . . [T]here may be competing claims to the foreign assets and we believe 'that claims against a single asset should be decided in a single forum—and . . . that that forum should be, as it traditionally has been, a court of the jurisdiction in which the asset is located.'" *Al-Saleh*, 137 So. 3d at 435 (citation omitted).  I especially share this concern with regard to the present case. That is because the New York district judge overseeing Parnas's criminal case has ordered that the bond funds should not be released in light of the writ of garnishment issued by this Court. *Parnas*, 19-cr-00725, DE No. 36 (S.D.N.Y. November 13, 2019) ("It is hereby ordered that, in light of the writ of [garnishment], the Clerk of Court shall not release the funds posted by or on behalf of Defendant Parnas in this matter absent further order of this Court.").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

(1)  The Government's Motion to Dissolve Writ of Garnishment (DE 62) is **GRANTED.**

(2)  The Writ of Garnishment as to the United States District Court for the Southern District of New York (DE 35) is **DISSOLVED.**

(3)  Plaintiff's Motion for Final Judgment of Garnishment (DE 61) is **DENIED AS MOOT.**

**SIGNED** in Chambers at West Palm Beach, Florida, this _10_ day of February, 2020.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE